UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: 18-80149-CR-RLR

UNITED STATES OF AMERICA,

v.

BRYANT OLIVER NEAL,
    a/k/a "Arby's"

        Defendant.

_____/

## PRETRIAL DETENTION ORDER

The Court, pursuant to 18 U.S.C. § 3142, commonly known as the Bail Reform Act of 1984, hereby ORDERS Defendant BRYANT OLIVER NEAL detained prior to trial. Having considered the factors enumerated in 18 U.S.C. § 3142(g), the Court finds that no condition or combination of conditions will reasonably assure the safety of the community. Therefore, it is hereby **ORDERED** that Defendant, be detained prior to trial and until the conclusion thereof.

1.    The United States seeks detention on the bases of risk of flight and danger to the community. The evidence adduced at the pretrial detention hearing consisted of the information contained in the Pretrial Services Report (including the Defendant's criminal history), the elevent-count indictment (Docket Entry 1), a proffer by counsel for the Government, and sworn testimony by DEA Special Agent William Lenihan. The Court relies on this evidence in making its findings.

Title 18, United States Code, Sections 3142(g) requires the Court to consider the nature and circumstances of the offense, the weight of the evidence against Defendant, the history and

characteristics of the Defendant, and the nature and seriousness of any danger to a person or to the community caused by the Defendant's release. In accordance with the provisions of 18 U.S.C. § 3142(i), the Court hereby makes the following findings of fact and statement of reasons for the detention:

    a.    <u>The nature and circumstances of the offense charged.</u>

Defendant is charged by Indictment with conspiracy to possess with intent to distribute 5 kilograms or more of cocaine. If convicted, he faces up to life imprisonment with a mandatory minimum sentence of 10 years. The grand jury indictment establishes probable cause to believe the Defendant committed each of charged offenses. Therefore, pursuant to 18 U.S.C. § 3142(e)(3), there is the rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

    b.    <u>The weight of the evidence against Defendant.</u>

The Defendant is alleged to have purchased and redistributed kilogram quantities of cocaine from a multistate drug organization. To establish the scope of the conspiracy, the Government proffered evidence based on wiretap intercepts, GPS monitoring, physical surveillance, drug seizures, and an undercover buy; the Government also proffered that approximately $94,000 in cash related to a drug transaction was seized from a car on April 18, 2018. The Defendant's telephone calls with a codefendant were intercepted and indicated that the Defendant was purchasing cocaine for resale. No drugs, currency, or weapons were seized from the Defendant. The evidence against the Defendant appears to consist almost exclusively of intercepted phone calls and physical surveillance. Nevertheless, the evidence, as proffered, is substantial.

  c. <u>Defendant's history, characteristics, and criminal history.</u>

The Court takes judicial notice of the Pretrial Services Report, which reflects that the Defendant is a long-time resident of Florida. He has family in Florida, including a severely disabled teenage son. The Defendant has been working construction for several years.

The Defendant has a lengthy criminal history, dating back to 1995, primarily relating to possession and sale of marijuana. Most notably, in 2008 he pled guilty to Uttering a Forged Instrument and in 2011 he pled no contest to possessing a firearm and ammunition as a convicted felon.

  d. <u>The nature and seriousness of the danger to any person or the community that would be posed by Defendant's release</u>

The offenses charged involved the transportation and distribution of large amounts of dangerous addictive substances, which created a significant danger to the community. There is compelling evidence that the Defendant personally distributed kilogram quantities of cocaine into the community.

The Court finds that there are conditions or combinations of conditions that would reasonably assure the Defendant's appearance as required. The Defendant proposed a $100,000 personal surety bond, co-signed by three family members. The Court finds that this bond, combined with electronic monitoring and given the Defendant's son's needs, would reasonably assure that the Defendant would not flee. The presumption of detention based on risk of flight has been rebutted.

Nevertheless, the Court finds that the Defendant has failed to rebut the presumption that no condition or combination of conditions would reasonably assure the safety of the community. There is substantial evidence that the Defendant helped operate a large-scale drug operation

using telephones. Even if a corporate surety bond or home detention would reduce the risk of flight, they would not ameliorate the risk that he would continue to deal drugs in a way that creates a danger to the community. The Defendant's history of illegally possessing firearms and engaging in deceptive acts also militates against a finding that the presumption of dangerousness has been rebutted.

Accordingly, the Court ORDERS that Defendant be DETAINED pending trial. The Defendant is hereby committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant must be afforded reasonable opportunity to confer privately with counsel. On order of a United States court or on request of a Government attorney, the person in charge of the corrections facility where Defendant is confined must deliver Defendant to the U.S. Marshal for the purpose of a court appearance.

DONE AND ORDERED in Chambers at West Palm Florida this 10th day of August, 2018

BRUCE E. REINHART
U.S. MAGISTRATE JUDGE